UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 04-47-JBC**

**UNITED STATES OF AMERICA,**                                                                                         **PLAINTIFF,**

**V.**                    **MEMORANDUM OPINION AND ORDER**

**EMMA JANE STOUT, ET AL.,**                                                 **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant/cross-claimant, CitiFinancial Mortgage Company ("CitiFinancial"), for summary judgment pursuant to Federal Rule of Civil Procedure 56. The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

**I.   Factual Background**

The following factual background is stated in a light most favorable to the defendants, Emma Jane Stout[1] and Willie Meads, as they are the nonmoving parties. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

On February 18, 1996, the defendants received a loan of $41,087.86 from, and executed a promissory note to, Ford Motor Finance Company. This note was secured by a mortgage on the defendants' real property, with the mortgage junior to interests recorded by other creditors, including the United States Department of Agriculture, Rural Development. The note carried a 13.8% interest rate and the

---

[1] Emma Jean Stout is also known as Emma Jean Meads and is married to Willie Meads.

defendants were to make monthly payments of $535.82 for 15 years. Additionally, upon default, the note requires the defendants to pay attorney's fees and other costs of collection. CitiFinancial is the successor in interest to the note and mortgage granted to Ford Motor Finance Company. The defendants are now in default on the note and owe CitiFinancial $41,642.49. Although the real property securing the note has been sold to satisfy senior mortgages, CitiFinancial has filed this action to recover the amount due on the now-unsecured note.

## II.     Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp.*, 477 U.S. 317, 323 (1986). In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Id.* A judge is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* The initial burden of showing the absence of a genuine issue of material fact rests on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the opposing party must present "specific facts showing that there is a genuine issue

for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**III. Analysis**

Because of the defendants' default, CitiFinancial has accelerated the note and declared that $41,642.49 is now due. CitiFinancial properly supports its claim with an affidavit from one of its recovery specialists. In his response to CitiFinancial's motion for summary judgment, Mr. Meads provides no supporting documentation to show that there are any disputed issues of material fact that would defeat CitiFinancial's claim or support his own defenses. The conclusory allegations in Mr. Meads's response are insufficient to withstand CitiFinancial's motion for summary judgment. *See Moore v. Phillip Morris Co., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993). In addition, Ms. Stout has not responded to CitiFinancial's motion and, therefore, has failed to show the existence of any disputed issues of material fact sufficient to withstand CitiFinancial's motion. Accordingly,

**IT IS ORDERED** that CitiFinancial Mortgage Company's motion for summary judgment (DE 49) is **GRANTED**. The defendants, Emma Jean Stout and Willie Meads, are jointly and severally liable to CitiFinancial in the amount of $41,642.49 plus interest at a rate of 13.8% per year until paid. Pursuant to Local Rule 54.4, CitiFinancial shall file any motion for attorney's fees and costs no later than thirty (30) days from the entry of this order. If the motion is not filed within this time period, such fees and costs shall be waived.

Signed on October 31, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY